UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SCOTT JOSEPH NJOS,
  Plaintiff,

v.

THOMAS KANE, et al.,
  Defendants.

CIVIL ACTION NO. 3:12-CV-1252

(Judge Kosik)

## MEMORANDUM

Before the court are plaintiff's objections[1] to the Report and Recommendation of Magistrate Judge Thomas M. Blewitt dated September 11, 2012 (Doc. 9). For the reasons which follow, we will adopt the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

Plaintiff, Scott Njos, an inmate confined at the United States Penitentiary-Lewisburg, Lewisburg, Pennsylvania, filed the instant civil rights action pursuant to 28 U.S.C. §1331, <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), on June 27, 2012. Specifically, plaintiff complains about the conditions of his confinement based on the physical conditions at USP-Lewisburg, denial of medical care and deliberate indifference to plaintiff's medical needs, cruel and unusual punishment in violation of the Eighth Amendment, and deprivation of benefits under the Rehabilitation Act, 29 U.S.C. §794. Plaintiff also raises a "negligence and medical malpractice" claim.

In a Report and Recommendation dated September 9, 2012 (Doc. 9), the Magistrate Judge recommended that plaintiff's constitutional claims against Supervisory Defendants Norwood, Bledsoe, Snider, Rear and Kane be dismissed

---

[1] Plaintiff captions his objections "Motion Requesting A Review Of This Case In Its Entirity (sic) And Per Local Rule 72.3 By The District Judge Kosik." (Doc. 12).

with prejudice; that plaintiff's damages claims against all Defendants in their official capacities be dismissed with prejudice; that plaintiff's claim for denial of medical care be dismissed with prejudice against all non-medical Defendants, namely, Supervisory Defendants Norwood, Bledsoe, Snider, Rear and Kane, as well as Defendant Corrections Officers Romig, John Doe #1 and John Doe #2; that plaintiff's claim for denial of medical care against the Medical Defendants Dr. Pigos and PA Zook be dismissed without prejudice; that plaintiff's professional medical malpractice claims under Pennsylvania law against Defendants Dr. Pigos and PA Zook be dismissed; and that plaintiff's conditions of confinement claims be dismissed without prejudice. Further, the Magistrate Judge recommended that plaintiff's Rehabilitation Act claim be dismissed with prejudice as against all of the Defendants in their individual capacities; and, that plaintiff's Rehabilitation Act claim be dismissed without prejudice to file an amended complaint seeking injunctive relief against a federal agency or federal actor in his official capacity.

In his objections filed on October 24, 2012, plaintiff asserts that the Magistrate Judge misread the complaint; that plaintiff only complains of damage to his cell; that plaintiff injured his knee in a fall; that the defendants were directly indifferent to his complaints, as to the structural and medical issues raised; and, that the refusal of a knee brace and denial of treatment violates his constitutional rights.

DISCUSSION

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1)(C); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations

to the extent we, in the exercise of sound discretion, deem proper. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

In his complaint, plaintiff asserts that as a consequence of an earthquake in Virginia, cracks and structural damage appeared in his cell. He reported the incident to several defendants, but no action was taken. Several days later, plaintiff asserts that he fell from the cell toilet when some bricks and a grate he was holding for support came loose. As a result of the fall, plaintiff asserts that he sustained injuries to his back and knee. He complains about the medical treatment he received for his injuries. He seeks declaratory and injunctive relief and damages[2]. Plaintiff attaches documentation to his complaint to support his claims.

In the Report and Recommendation, the Magistrate Judge reviewed plaintiff's complaint and the attached documents and he screened the complaint pursuant to 28 U.S.C. §1915(e)(2). As to the supervisory defendants, Warden Brian Bledsoe, Director of Bureau of Prisons Thomas Kane, Associate Warden Rear, Deputy Captain Snider, and Northeast Regional Director Norwood, the Magistrate Judge states that the plaintiff's allegations infer that they have shown deliberate indifference to plaintiff's health and safety by failing to maintain the Lewisburg structure and by failing to respond to the damages sustained in the earthquake. The Magistrate Judge found that plaintiff's complaint lacked sufficient allegations of personal involvement under §1331, against the supervisory defendants. After reviewing the documentation submitted by plaintiff, the Magistrate Judge concluded that the only involvement of Defendants Norwood, Bledsoe, Snider, and Rear with respect to plaintiff's claims appears to be their written responses to, and decisions on, plaintiff's administrative remedies and appeals. Further, the Magistrate Judge found that the only mention of

---

[2] In his request for relief, plaintiff seeks injunctive relief in the form of a knee brace, MRI, and orthopedic surgery for his knee. In his objections, plaintiff notes that "post filing", he has "been given an MRI, has seen the orthopedist, and was recommended and approved for surgery to his knee." (Doc. 12, para. 6).

Defendant Kane was that he should have been aware of the facility's advanced age and he should have taken action to shut down the facility. The Magistrate Judge recommends that the supervisory defendants be dismissed from the complaint.

The Magistrate Judge then addresses the plaintiff's Eighth Amendment denial of proper medical care claim. As we indicated above, plaintiff sustained an injury to his knee as a result of a fall. As the Magistrate Judge points out, attached to plaintiff's complaint are records of medical treatment received by plaintiff. Plaintiff was seen on multiple occasions for his right knee injury by the prison medical providers. As the Magistrate Judge states, the non-medical defendants, including the supervisory defendants, should be dismissed on the basis that as non-physicians, these defendants cannot be found deliberately indifferent to plaintiff's medical needs when plaintiff was admittedly receiving treatment from the institution's health care staff. Durmer v. O'Carroll, 991 F. 2d 64, 69 (3d Cir. 1993). As to the medical defendants, Pigos and Zook, the Magistrate Judge found that the medical records submitted by plaintiff fail to establish that they were deliberately indifferent to treating plaintiff's knee and back injury. The Magistrate Judge states that despite plaintiff's contentions that he has been summarily denied medical care with respect to his fall on August 28, 2011, these contentions are not borne out by the records submitted by plaintiff. While plaintiff did not agree with the course of treatment and he was not satisfied with the results of the efforts to treat his knee and back pain, including the denial of a knee brace for security reasons and the denial of a specific medication requested by plaintiff, the Magistrate Judge points out that plaintiff's exhibits show that he had at least five documented clinical encounters with prison health providers, as well as visits with an outside orthopedist. Further, the medical records furnished by plaintiff detail the efforts by prison medical providers to treat the injuries suffered by plaintiff in the fall. The decisions not to approve plaintiff's request for a knee brace and requested medication are discretionary and fall within the exercise of a prison medical personnel's professional judgment and penological security interest. As the

Magistrate Judge concluded, while plaintiff may have experienced discomfort in his knee, or he may have disagreed with the course of treatment recommended by prison medical officials, such conduct on the part of prison officials is not so egregious to establish deliberate indifference.[3]

The Magistrate Judge next considered plaintiff's conditions of confinement claim regarding the deterioration of the physical structure at USP- Lewisburg and the apparent damage to his cell. After reviewing the standard for finding deliberate indifference in a conditions of confinement case, the Magistrate Judge found that plaintiff did not state any specific factual allegations, with regard to his conditions of confinement claim, against any of the named defendants. We agree. While plaintiff complains about conditions in his cell as a result of an earthquake and he complains about defendants being deliberately indifferent to his structural instability complaints, we agree with the Magistrate Judge that plaintiff has failed to set forth sufficient allegations to establish that defendants acted in any way which would have caused the plaintiff to suffer cruel and inhumane treatment based on the conditions in his cell. Moreover, as the Magistrate Judge points out, the plaintiff's allegations do not set out the requisite culpable state of mind on the part of prison officials to constitute deliberate indifference.

Further, we agree with the Magistrate Judge's conclusion that the plaintiff's claims against the defendants in their individual capacities pursuant to the Rehabilitation Act are not viable and they will be dismissed with prejudice. Moreover, we agree that plaintiff's Rehabilitation Act claims against defendants in their official capacities for injunctive relief be dismissed without prejudice and that he be allowed to file an amended complaint on that claim.

As we indicated above, plaintiff has objected to the entirety of the Magistrate Judge's Report and Recommendation, and requests a complete review. We have

---

[3] The Magistrate Judge was also correct in finding that in order to raise a medical malpractice claim under Pennsylvania law, a Certificate of Merit is required. Pa. R.C.P. 1042.3 (a)(1). Plaintiff acknowledges in his objections that no such Certificate was filed.

reviewed the Magistrate Judge's Report and Recommendation in conjunction with plaintiff's complaint and the attached documents. We agree with the findings and recommendations made by the Magistrate Judge and we will adopt the Report and Recommendation in its entirety.

Finally, in the "Introduction" section of his complaint, plaintiff references "the torts of negligence and malpractice" not being filed until July 27, 2012. In Paragraph 53 of the complaint, plaintiff states that "[o]n January 27, 2012, plaintiff offered a tort claim #TRT-NER-2012-03870 for the Regional Counsel Henry Sadowski's consideration." Attached to the complaint as Exhibits H and I are plaintiff's administrative tort claim and an acknowledgment of receipt of the claim. On August 31, 2012, plaintiff filed with the Clerk of Court's Office a note asking the Clerk's Office to "[p]lease make sure to invoke the 28 U.S.C. § 2672 tort claim complaint for negligence and malpractice." (Doc. 8). Attached was a letter of notification dated July 26, 2012, regarding Administrative Claim No. TRT-NER-2012-03870, denying plaintiff's claim filed pursuant to the Federal Tort Claims Act, (FTCA), 28 U.S.C. § 2671, et seq. The letter further advised plaintiff that is he was dissatisfied with the decision, he could bring an action against the United States within six (6) months.

As with his Rehabilitation Act claim, we will allow plaintiff an opportunity to amend his complaint as to the "negligence and malpractice" claims under the FTCA. An appropriate Order follows.

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT JOSEPH NJOS,<br>　　　　Plaintiff,<br><br>　　　v.<br><br>THOMAS KANE, et al.,<br>　　　　Defendants. | CIVIL ACTION NO. 3:12-CV-1252<br><br>(Judge Kosik) |

**ORDER**

AND NOW, THIS \_\_\_6th\_\_\_ DAY OF MARCH, 2013, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Thomas M. Blewitt dated September 11, 2012 (Doc. 9) is **ADOPTED**;

(2) Plaintiff's constitutional claims against Supervisory Defendants Norwood, Bledsoe, Snider, Rear and Kane are **DISMISSED** with prejudice; plaintiff's damages claims against all Defendants in their official capacities are **DISMISSED** with prejudice; plaintiff's claim for denial of medical care is **DISMISSED** with prejudice against all non-medical Defendants, namely, Supervisory Defendants Norwood, Bledsoe, Snider, Rear and Kane, as well as Defendant Correctional Officers Romig, John Doe #1 and John Doe #2; plaintiff's claim for denial of medical care against the Medical Defendants Dr. Pigos and PA Zook are **DISMISSED** without prejudice; plaintiff's professional medical malpractice claims under Pennsylvania law against Defendants Dr. Pigos and PA Zook are **DISMISSED**; plaintiff's conditions of confinement claims are **DISMISSED** without prejudice; and, plaintiff's Rehabilitation Act claim is **DISMISSED** with prejudice as against all of the Defendants in their individual capacities;

(3) Plaintiff's Rehabilitation Act claim for injunctive relief is **DISMISSED** without prejudice;

(4) Plaintiff is allowed to file an amended complaint on the Rehabilitation Act claim seeking injunctive relief against a federal agency or federal actor in his official capacity; and, on his Federal Tort Claims Act claim, for "negligence and malpractice", within twenty (20) days from the date of this Order. Plaintiff is advised that failure to timely comply with this Order will result in dismissal of this action; and

(5) The above-captioned action is **REMANDED** to the Magistrate Judge for further proceedings.

*[signature]*
Edwin M. Kosik
United States District Judge