# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| SCOTT NJOS, | : | CIVIL NO. 3:12-CV-1252 |
| --- | --- | --- |
| Plaintiff, | : | (Judge Kosik) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| UNITED STATES OF AMERICA | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATION[1]

## I. Statement of Facts and of the Case

Scott Njos is a federal inmate housed at the United States Penitentiary, Lewisburg, where he is currently serving an 188-month sentence following his conviction on bank robbery, Hobbs Act robbery, escape, and assault on a federal officer charges. While in federal custody, Njos has amassed an extensive disciplinary history, having been cited on dozens of occasions with prison rules infractions, many of which involved violent or disruptive behavior by Njos in an institutional setting. This history of recidivism and on-going institutional misconduct led to the

---

[1] The parties are advised that, pursuant to 28 U.S.C. § 636, the district court has orally referred the above-captioned case to the undersigned for pre-trial management, resolution of non-dispositive motions, and preparation of reports and recommendations on potentially dispositive matters.

reassignment of Njos to the Special Management Unit of the United States Penitentiary, Lewisburg, where the plaintiff currently resides.

Njos is also a prolific litigator in federal court.² Much of this litigation involves Njos' recurring complaints regarding the conditions of his confinement at the Lewisburg Penitentiary. The instant case is but one example of this growing body of litigation brought by Njos. While this lawsuit has undergone several transformations during the past three years that it has been pending before the court, in its current form this case brings two torts claims against the United States under the Federal Tort Claims Act, 28 U.S.C. §§1346, and 2671-2680.

Specifically, Njos alleges that the United States was negligent in the maintenance of his cell after the cell walls were damaged during an earthquake which struck the Eastern Seaboard in August of 2011. (Doc. 18.) According to Njos this earthquake caused damage to his cell, which prison officials negligently failed to repair despite Njos' requests for repairs. This damage, in turn, created a dangerous condition in the cell, a condition which resulted in injuries to Njos. In particular, Njos alleges that he was standing on the toilet in his cell on August 28, 2011, cleaning the

---

²See e.g., Njos v. Bledsoe, 3:12-CV-243; Njos v. Bledsoe, 3:12-CV-476; Njos v. Thomas, 3:13-CV-2721; Njos v. Thomas, 3:13-CV-2816; Njos v. Thomas, 3:14-CV-766; Njos v. Bureau of Prisons, 3:12-CV-1251; Njos v. Kane, 3:12-CV-1252; Njos v. Carney, 3:12-CV-1375; Njos v. United States, 3:15-CV-1960; Njos v. Thomas, 3:14-CV-875.

upper walls of the cell, all while resting his hand on the cell grate for support when the "cell wall caved in were (sic) the earthquake had left cracks in the wall." (Doc. 1, p. 2). Plaintiff states that the bricks surrounding the grate then suddenly caved in, causing him to fall off of the toilet and injure his knee. (Doc. 18, ¶ 11.) Njos then couples this negligence claim with a medical negligence claim relating to what he alleges was a delay in treating his injured knee.

Njos has now moved for summary judgment on this negligence claim, and on the government's claim that he was contributorily negligent, arguing that he is entitled to a judgment in his favor on both of these issues as a matter of law. Njos supports this summary judgment motion by providing his account of the chronology of these events, and his version of his communications with staff concerning issues relating to the conditions in his cell. (Docs. 89, 90.)

The United States is defending this claim by contending, in part, that Njos was contributorily negligent in that he was injured while standing on the toilet in his cell and losing balance. In support of its response in opposition to Njos' summary judgment motion, the defendant has tendered declarations which flatly contradict Njos' account of these events, and deny statements which Njos attributes to correctional staff. (Doc. 91.) Thus, it is against the backdrop of this stark, and very fundamental, factual dispute that we are called upon to consider whether Njos is

entitled to judgment as a matter of law on his negligence claims. For the reasons set forth below, we conclude that material disputed issues of fact preclude summary for the plaintiff in this case, and recommend that this summary judgment motion be denied.

## II. Discussion

### A. Summary Judgment - Rule 56, Standard of Review

Federal courts are permitted to summarily adjudicate an action in order to dispose of those claims that do not present a "genuine issue as to any material fact," Fed. R. Civ. P. 56, and for which a jury trial would, therefore, "be an empty and unnecessary formality," Peynado v. Sabol, No. 09-355, 2010 U.S. Dist. LEXIS 134131, 2010 WL 5300563, at *2 (M.D. Pa. Dec. 20, 2010). Rule 56 specifically provides that "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P., Rule 56. The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a

material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Id. at 248-49.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the nonmoving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322. Summary judgment is also appropriate if the non-moving party provides merely colorable, conclusory, or speculative evidence. Anderson, 477 U.S. at 249. There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. Id. at 252; see also, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In making this determination, the Court must "consider all evidence in the

light most favorable to the party opposing the motion." A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

Finally, it is emphatically not the province of the court to weigh evidence, or assess credibility, when passing upon a motion for summary judgment. Rather, in adjudicating the motion, the court must view the evidence presented in the light most favorable to the opposing party, Anderson, 477 U.S. at 255, and draw all reasonable inferences in the light most favorable to the non-moving party, Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992). Where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true. Id. Additionally, the court is not to decide whether the evidence unquestionably favors one side or the other, or to make credibility determinations, but instead must decide whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. Id. at 252; see also Big Apple BMW, 974 F.2d at 1363. In reaching this determination, the Third Circuit has instructed that:

> To raise a genuine issue of material fact . . . the opponent need not match, item for item, each piece of evidence proffered by the movant. In practical terms, if the opponent has exceeded the "mere scintilla" threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against the opponent, even if the quantity of the movant's evidence far outweighs that of its opponent. It thus remains the province of the fact finder to ascertain the believability and weight of the evidence.

Id. In contrast, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation marks omitted); NAACP v. North Hudson Reg'l Fire & Rescue, 665 F.3d 464, 476 (3d Cir. 2011).

It is through this analytical lens that we now assess the plaintiff's current motion for summary judgment.

### B. Disputed Material Issues of Fact Preclude Summary Judgment for the Plaintiff in This Case

In this case Njos brings tort claims against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§1346, and 2671-2680 arising out of this August 2011 mishap in his cell. In order to a valid cause of action under the FTCA, such a claim must comport with the state laws of the state in which the alleged tortious conduct occurred, in this case the state tort laws of Pennsylvania. 28 U.S.C. § 1346(b); see Gould Elec., Inc. v. United States, 220 F.3d 169, 179 (3d Cir. 2000)(citing § 1346(b)).

Construing this case under settled Pennsylvania tort law, in order to establish a cause of action for negligence, Njos must prove the following elements: (1) a duty or obligation to the plaintiff recognized by law; (2) a breach of that duty to the

plaintiff; (3) a causal connection between the conduct and plaintiff's resulting injury; and (4) actual damages suffered by the plaintiff. Pittsburgh Nat'l Bank v. Perr, 431 Pa.Super. 580, 637 A.2d 334, 336 (Pa.Super.Ct.1994). See Stamper-Murray v. U.D.H. Mgmt. Corp., No. 1:14-CV-1360, 2015 WL 3840937, at *2 (M.D. Pa. June 22, 2015). "Negligence is the absence of ordinary care that a reasonably prudent person would exercise in the same or similar circumstances." Martin v. Evans, 551 Pa. 496, 711 A.2d 458, 461 (Pa.1998). As the plaintiff, Njos ultimately bears the burden of providing by a preponderance of the evidence that the United States' acts or omissions deviated from the general standard of care under the circumstances, and that the deviation proximately caused the harm. Id.

As for the defendant's defense of contributory negligence the Pennsylvania Supreme Court has defined contributory negligence in the following terms: "Contributory negligence is conduct on the part of a plaintiff which falls below the standard [of care] to which he should conform for his own protection and which is a legally contributing cause, cooperating with the negligence of the defendant, in bringing about the plaintiff's harm. Contributory fault may stem either from a plaintiff's careless exposure of himself to danger or from his failure to exercise reasonable diligence for his own protection." Thompson v. Goldman, 114 A.2d 160, 162 (Pa.1955) (citations omitted). Contributory negligence is an affirmative defense.

As such, the defendant bears the burden of proving contributory negligence by a preponderance of the evidence. See, e.g., Franchetti v. Johnson, 257 A.2d 261, 263 (Pa.Super.1969). See In re Brownsville Prop. Corp., Inc., No. 10-21959 TPA, 2013 WL 4010308, at *18-19 (Bankr. W.D. Pa. Aug. 1, 2013).

As we have noted in the past when addressing questions of negligence and contributory negligence, there is a compelling factual component to these issue and "[o]nly in exceptional cases will questions of negligence [and] contributory negligence ... pass from the realm of fact to one of law." Doland v. Berrios, No. 1:11-CV-01783, 2014 WL 3809962, at *7 (M.D. Pa. Aug. 1, 2014)(citations omitted). Moreover, where an FTCA negligence or contributory negligence claim involves resolution of disputed, material issues of fact it is well-settled that summary judgment is inappropriate. See Moyer Packing Co. v. United States, 567 F.Supp.2d 737, 761 (E.D.Pa.2008). Such factually contested claims cannot be resolved as a matter of law, through summary judgment. Rather, they must be determined as a matter of fact, through trial. Gray v. United States, No. 1:CV-10-1772, 2014 WL 900967, at *6 (M.D. Pa. Mar. 7, 2014).

Judged against these legal tenets, Njos' motion for summary judgment plainly fails since the essential, material elements of both his negligence claim, and the defendant's claim of contributory negligence, are factually disputed. The contrasting

positions of the parties on these issues are irreconcilable, and are sharply at odds with one another. In short, as framed by the parties, these questions of negligence and contributory negligence are hotly disputed factual matters. In our view, none of these fact-bound questions are amenable to resolution in Njos' favor as a matter of law. Therefore, since Njos' claims are replete with factual controversies, the plaintiff's motion for summary judgment should be denied.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's Motion for Summary Judgment, (Doc. 89.), be DENIED.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive

further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 1st  day of September 2015.

>*S/Martin C.  Carlson*
>Martin C. Carlson
>United States Magistrate Judge