# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT NJOS, | : | CIVIL NO. 3:12-CV-1252 |
| Plaintiff, | : | (Judge Kosik) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| UNITED STATES OF AMERICA | : | |
| Defendant. | : | |

## MEMORANDUM ORDER[1]

**I.   Statement of Facts and of the Case.**

Scott Njos is a federal inmate housed at the United States Penitentiary, Lewisburg, where he is currently serving an 188-month sentence following his conviction on bank robbery, Hobbs Act robbery, escape, and assault on a federal officer charges. While in federal custody, Njos has amassed an extensive disciplinary history, having been cited on dozens of occasions with prison rules infractions, many of which involved violent or disruptive behavior by Njos in an institutional setting. This history of recidivism and on-going institutional misconduct led to the

---

[1] The parties are advised that, pursuant to 28 U.S.C. § 636, the district court has orally referred the above-captioned case to the undersigned for pre-trial management, resolution of non-dispositive motions, and preparation of reports and recommendations on potentially dispositive matters.

reassignment of Njos to the Special Management Unit of the United States Penitentiary, Lewisburg, where the plaintiff currently resides.

Njos is also a prolific litigator in federal court.[2] Much of this litigation involves Njos' recurring complaints regarding the conditions of his confinement at the Lewisburg Penitentiary. The instant case is but one example of this growing body of litigation brought by Njos. While this lawsuit has undergone several transformations during the past three years that it has been pending before the court, in its current form this case brings two torts claims against the United States under the Federal Tort Claims Act, 28 U.S.C. §§1346, and 2671-2680.

Specifically, Njos alleges that the United States was negligent in the maintenance of his cell after the cell walls were damaged during an earthquake which struck the Eastern Seaboard in August of 2011. (Doc. 18.) According to Njos this earthquake caused damage to his cell, which prison officials negligently failed to repair despite Njos' requests for repairs. This damage, in turn, created a dangerous condition in the cell, a condition which resulted in injuries to Njos. In particular, Njos alleges that he was standing on the toilet in his cell on August 28, 2011, cleaning the

---

[2]See e.g., Njos v. Bledsoe, 3:12-CV-243; Njos v. Bledsoe, 3:12-CV-476; Njos v. Thomas, 3:13-CV-2721; Njos v. Thomas, 3:13-CV-2816; Njos v. Thomas, 3:14-CV-766; Njos v. Bureau of Prisons, 3:12-CV-1251; Njos v. Kane, 3:12-CV-1252; Njos v. Carney, 3:12-CV-1375; Njos v. United States, 3:15-CV-1960; Njos v. Thomas, 3:14-CV-875.

upper walls of the cell, all while resting his hand on the cell grate for support when the "cell wall caved in were (sic) the earthquake had left cracks in the wall." (Doc. 1, p. 2.) Plaintiff states that the bricks surrounding the grate then suddenly caved in, causing him to fall off of the toilet and injure his knee. (Doc. 18, ¶ 11.) Njos then couples this negligence claim with a medical negligence claim relating to what he alleges was a delay in treating his injured knee.

Having framed his claim in this lawsuit in this fashion, Njos has now filed a three motions to infer facts or for adjudication of certain facts, (Docs. 84, 93, and 105.), which seek favorable pre-trial rulings on various factual questions Njos deems relevant to his claims. These motions are, in essence, motions *in limine*, which seek evidentiary rulings in advance of any trial.

Having considered this motion, for the reasons set forth below, the motions will be denied without prejudice to renewal of these evidentiary issues when, and if, this case proceeds to trial.

## II. Discussion

Parties often invite courts to make pre-trial rulings on issues of prejudice, relevance and admissibility through motions *in limine*. The United States Court of Appeals for the Third Circuit has cautioned us, however, that "pretrial [rulings regarding evidentiary] exclusions should rarely be granted. . . . Excluding evidence

as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage." In re Paoli R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990); see also Spain v. Gallegos, 26 F.3d 439, 453 (3d Cir. 1994) (noting that the Third Circuit's "cautious approach to Rule 403 exclusions at the pretrial stage . . . ."). Moreover, the Third Circuit has characterized Rule 403, the rule permitting exclusion of evidence, as a "trial-oriented rule" such that "[p]recipitous Rule 403 determinations, before the challenging party has had an opportunity to develop the record, are . . . unfair and improper." In re Paoli R. Yard PCB Litig., 916 F.2d at 859. However, "[a] trial court is afforded substantial discretion when striking a . . . balance with respect to proffered evidence, and a trial judge's decision to admit or exclude evidence . . . may not be reversed unless it is arbitrary and irrational." McKenna v. City of Philadelphia, 582 F.3d 447, 461 (3d Cir. 2009).

This case aptly illustrates why caution is appropriate in this field. The parties' competing submissions in this matter, in part, cast this dispute as one which entails the balancing of questions of relevance and prejudice. Rule 401 of the Federal Rules of Evidence defines relevant evidence broadly as:

> evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401. Rule 402 provides, further, that all "relevant" evidence shall be admissible at trial, except as otherwise provided by other Rules of Evidence or other law. Fed. R. Evid. 402. These broadly fashioned rules regarding relevant evidence and its presumptive admissibility are tempered by Rule 403, which provides that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

Implicit in these evidentiary rules is a fundamental concept: Determinations of relevance, probative value, and unfair prejudice involve an informed assessment of the impact of particular proof in the specific factual context of a specific case. For these reasons, "pretrial [rulings regarding evidentiary] exclusions should rarely be granted. . . . Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage." In re Paoli R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990).

Likewise Rule 301 of the Federal Rules of Evidence, which relates to presumptions, is a trial-oriented rule which in the normal course of litigation should not be subject to some piecemeal pre-trial adjudication. Therefore, the question of what presumptions and inferences should apply in this case should properly await trial.

In this case, the weighing and resolution of these evidentiary issues is, in our view, entirely premature and inappropriate. Therefore, consistent with settled case law, we will decline the invitation to prematurely address these issues and will deny these motions without prejudice to renewal of argument regarding these evidentiary issues when, and if, this case proceeds to trial.

### III. Order

For the foregoing reasons, Njos' motions to infer facts or for adjudication of certain facts, (Docs. 84, 93, and 105.), which seek favorable pre-trial rulings on various factual questions Njos deems relevant to his lawsuit are DENIED without prejudice. So ordered this 2d day of September 2015.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
