# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SCOTT NJOS,** | : | **CIVIL NO. 3:12-CV-1252** |
| **Plaintiff,** | : | **(Judge Kosik)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **UNITED STATES OF AMERICA** | : | |
| **Defendant.** | : | |

## MEMORANDUM ORDER[1]

### I. Statement of Facts and of the Case.

Scott Njos is a federal inmate housed at the United States Penitentiary, Lewisburg, where he is currently serving an 188-month sentence following his conviction on bank robbery, Hobbs Act robbery, escape, and assault on a federal officer charges. While in federal custody, Njos has amassed an extensive disciplinary history, having been cited on dozens of occasions with prison rules infractions, many of which involved violent or disruptive behavior by Njos in an institutional setting. This history of recidivism and on-going institutional misconduct led to the

---

[1] The parties are advised that, pursuant to 28 U.S.C. § 636, the district court has orally referred the above-captioned case to the undersigned for pre-trial management, resolution of non-dispositive motions, and preparation of reports and recommendations on potentially dispositive matters.

reassignment of Njos to the Special Management Unit of the United States Penitentiary, Lewisburg, where the plaintiff currently resides.

Njos is also a prolific litigator in federal court.[2] Much of this litigation involves Njos' recurring complaints regarding the conditions of his confinement at the Lewisburg Penitentiary. The instant case is but one example of this growing body of litigation brought by Njos. While this lawsuit has undergone several transformations during the past three years that it has been pending before the court, in its current form this case brings two torts claims against the United States under the Federal Tort Claims Act, 28 U.S.C. §§1346, and 2671-2680.

Specifically, Njos alleges that the United States was negligent in the maintenance of his cell after the cell walls were damaged during an earthquake which struck the Eastern Seaboard in August of 2011. (Doc. 18.) According to Njos this earthquake caused damage to his cell, which prison officials negligently failed to repair despite Njos' requests for repairs. This damage, in turn, created a dangerous condition in the cell, a condition which resulted in injuries to Njos. In particular, Njos alleges that he was standing on the toilet in his cell on August 28, 2011, cleaning the

---

[2]See e.g., Njos v. Bledsoe, 3:12-CV-243; Njos v. Bledsoe, 3:12-CV-476; Njos v. Thomas, 3:13-CV-2721; Njos v. Thomas, 3:13-CV-2816; Njos v. Thomas, 3:14-CV-766; Njos v. Bureau of Prisons, 3:12-CV-1251; Njos v. Kane, 3:12-CV-1252; Njos v. Carney, 3:12-CV-1375; Njos v. United States, 3:15-CV-1960; Njos v. Thomas, 3:14-CV-875.

upper walls of the cell, all while resting his hand on the cell grate for support when the "cell wall caved in were (sic) the earthquake had left cracks in the wall." (Doc. 1, p. 2). Plaintiff states that the bricks surrounding the grate then suddenly caved in, causing him to fall off of the toilet and injure his knee. (Doc. 18, ¶ 11.) Njos then couples this negligence claim with a medical negligence claim relating to what he alleges was a delay in treating his injured knee.

This case now comes before us for consideration of a brace of discovery motions filed by Njos, motions which seek both additional discovery and an extension of the discovery deadlines in this three year old lawsuit. (Docs. 80, 87, and 97.) The government has responded to these motions, in part, by initially observing as follows:

> Njos has served defendant with multiple discovery requests. On April 17, 2014, Defendant served on Njos responses to his 25 requests for production of documents and interrogatories and responses to his 23 requests for admissions. On July 2, 2014, Defendant served on Njos responses to his 20 requests for admissions and responses to his 10 requests for production of documents. On March 20, 2015, Defendant received a document entitled "Plaintiff's Fourth Request" which contains numbered interrogatories for 6 individuals and the United States. The interrogatories total 20. The same day Defendant received a second document entitled "Plaintiff's Third Request to Produce" which contains 8 numbered paragraphs requesting specific documents. These most recent discovery requests were sent to the BOP attorney assigned to this case with directions to forward the same to the individuals who are in a position to best respond to the requests. Local Rule 33.3 provides that requests for interrogatories are not to exceed 25 requests. Njos has exceeded the limits provided by the local rules. Defendant has gone out of its way to respond to Plaintiff's requests despite the fact that Njos has

> exceeded number of requests allowable under the Local Rules. With that said, the Defendant will continue to make a good faith effort to provide complete and accurate responses to his most recent requests. As Njos has exceeded the limit of discovery requests provided by the Local Rules, and he is not entitled to initial disclosures, there is no reason to stay the discovery deadline. Therefore, his motion should be denied.

(Doc. 82.)

Further, we note that at least one of these motions to compel, (Doc. 97.), was filed a month after the discovery deadlines in this case had passed, and was, therefore, untimely.

Having considered these motions, and the government' response, for the reasons set forth below, the motions will be denied and the parties will be directed to provide a status report preparatory to scheduling the trial of this case.

## II. Discussion

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a

court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. One essential attribute of the court's discretion in this field is that the court may, and indeed must, set schedules for the completion of discovery. When a party fails to abide by those

-5-

schedules the court has the right, and the duty, to impose sanctions for that failure. Those sanctions may, in the discretion of the court, include declining a party's request to compel compliance with untimely and improper discovery demands. Thus, where a party has submitted an untimely discovery request, the court can, and in the exercise of its discretion often should, refuse to compel compliance with that request. See, e.g., Maslanka v. Johnson & Johnson, 305 F.App'x 848 (3d Cir. 2008)(affirming denial of *pro se* litigant motion to compel where discovery demands were untimely); Oriakhi v. United States, 165 F.App'x 991 (3d Cir. 2006)(same); Bull v. United States, 143 F.App'x 468 (3d Cir. 2005)(same). As the court of appeals has noted in rebuffing a similar effort by a tardy prisoner-litigant to compel responses to belated discovery:

> [W]e discern no abuse of discretion with respect to [the inmate-plaintiff's] discovery and trial preparation issues. See Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1310 (3d Cir.1995) (applying "abuse of discretion standard when reviewing orders regarding the scope and conduct of discovery"). [The inmate-plaintiff] filed a motion to compel discovery after . . . after the expiration of the court-ordered discovery period. The record confirms the District Court's conclusion that [the inmate-plaintiff] failed to seek leave of court to extend the discovery period. . . .".

Oriakhi, 165 F.App' x. at 994.

In this case, in the exercise of our discretion, we will deny these discovery motions. Presently, this case involves a single simple claim of negligence relating to the conditions of the plaintiff's cell in August of 2011, when the plaintiff alleges that

he suffered injuries. This simple and discrete claim has now been litigated for three years, and as the government has detailed, has been the subject of extensive and repetitive discovery demands.

The discovery deadline in this case lapsed in May of 2015, and the latest of Njos' discovery motions was filed after that deadline had passed. Given the relative factual simplicity of this case, the extensive discovery conducted to date, and the expiration of the existing discovery deadlines, we conclude that further discovery is neither necessary, nor appropriate, in this case. Instead, this matter should be scheduled for trial.

### III. Order

For the foregoing reasons, Njos' motions which seek both additional discovery and an extension of the discovery deadlines in this three year old lawsuit. (Docs. 80, 87, and 97.) are DENIED.

With the denial of these motions, the current status of this case that there are no pre-trial motions pending, and discovery is now closed. At this stage of the proceedings, the only remaining matters appear to relate to scheduling this case for trial. The undersigned is unable to set a trial schedule for the district court, and it would be imprudent for this Court to try set any further pre-trial schedule before the undersigned unless the parties first consented to try this action before a magistrate

judge. Accordingly, the parties shall notify the Court by **September 22, 2015**, regarding:

1. The status of this case, including whether the parties consent to have this matter scheduled for trial by this Court, or referred to the District Court for the scheduling of any trial.

So ordered this 8th day of September 2015.

***S/Martin C. Carlson***
Martin C. Carlson
United States Magistrate Judge
