# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SCOTT NJOS,** : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:12-1252** |
| v : | **(JUDGE MANNION)** |
| **THOMAS R. KANE, et al.,** : | |
| **Defendants** : | |

## MEMORANDUM

Plaintiff Scott Njos, an inmate currently confined at the United States Penitentiary at Florence, Colorado, filed the instant action which proceeds on an Amended Complaint against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346 and §§2671-2680. The Amended Complaint was filed on April 29, 2013, and alleges negligence of the United States in the maintenance of Njos' cell and medical negligence. (Doc. 18). The matter is currently awaiting the scheduling of a pre-trial conference and trial following the denial of Njos' motion for summary judgment. (Doc. 120.) Presently pending on the docket are a motion to compel (Doc. 146) and motion to rescind the Authorization (Doc. 147) filed by Njos. Both motions will be denied for the reasons that follow.

In the motion to compel, Njos seeks relief from the monthly payments deducted from his inmate account for the filing fee in the above matter pursuant to 28 U.S.C. §1915(b)(2). In support of his motion, Njos relies on the case of Siluk v. Merwin, 783 F.3d 421 (3d Cir. 2015) arguing that in said case

the Third Circuit adopted a "per-prisoner" or "sequential" interpretation of § 1915(b)(2), holding that an indigent prisoner may be assessed no more than 20 percent of his monthly income toward federal court filing fees, regardless of the number of suits filed. Id. at 436. But, on January 12, 2016, the United States Supreme Court decided the case of Bruce v. Samuels, 136 S. Ct. 627 (2016), specifically abrogating Siluk, and held that §1915(b)(2) requires that monthly filing-fee payments be paid simultaneously on a per case basis, not sequentially, even if this results in 100 percent of the prisoner's monthly income being collected. Id. at 630-33. As such, the motion to compel is without merit.

Also pending is Njos' motion to rescind the Authorization he signed on July 9, 2012. (Doc. 6.) This motion was filed on February 21, 2017, almost one (1) month after the motion to compel was filed, when Plaintiff knew that the Siluk case had been abrogated by the United States Supreme Court. In this motion, Njos seeks to rescind the Authorization form he signed claiming that he was not provided with "constructive notice" that the filing fee installments would be deducted "simultaneous-per case." (Doc. 147.) The court rejects Njos' argument for the following reasons. A prisoner proceeding in forma pauperis under 28 U.S.C. §1915 is statutorily required to pay the filing fee if he brings a civil action. As 28 U.S.C. §1915(b)(1) reads" "[i]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." See also Porter v.

Dept. of Treasury, 564 F.3d 176, 180 (3d Cir. 2009)(quoting section 1915(b)(1)). This court has no authority to waive an inmate's not-yet-paid filing fees or refund any portion of filing fees once he has brought the action. Id. As the Third Circuit stated in regard to the filing fees for an appeal: "It is of no consequence whether an appeal is voluntarily dismissed, dismissed due to a jurisdictional defect, or dismissed on the merits—appellants are not entitled to the return of their filing and docket fees." Id. at 179. See also In re Saunders, 563 F. App'x 165 (3d Cir. 2014)(nonprecedential); Williams v. U.S. Dist. Court for District of Newark, 455 F. App'x 142, 144 (3d Cir. 2011)(nonprecedential). The purpose of the fee requirements is to provide an incentive "to 'stop and think' before filing suit." Muhammad v. U.S. Marshals Serv., 385 F. App'x 70, 73 (3d Cir. 2010)(nonprecedential)(quoting Murray v. Dosal, 150 F.3d 814, 818 (8th Cir. 1998)).

      While Njos would like to be relieved of his obligation to pay the filing fee under contract principles such as recision, this court is unable to relieve him of his duty. When he signed the Authorization, he was agreeing to pay the entire filing fee in the above matter. While the process of how installments are paid may have been affected since the time Njos signed the Authorization, his obligation to pay the full filing fee in the above matter and the date this obligation was incurred has never changed. For these reasons, Njos' motion to rescind the Authorization in the above matter will be denied.

An appropriate order shall issue.

                          s/ *Malachy E. Mannion*
                          **MALACHY E. MANNION**
                          **United States District Judge**

**Date: March 21, 2017**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2012 MEMORANDA\12-1252-01.wpd